By the Court.
The parties will be referred to as they appeared in the court of common pleas.
The plaintiff John J. Doerger is the owner of two lots in the city of Cincinnati, which constitute one tract of land 47.10 feet wide, extending from McMicken avenue to Gilmore street, a distance of 240 feet. The plaintiff Henry Doerger is the owner of two lots 28.41 feet wide, which constitute, one tract of land, also extending from McMicken avenue to Gilmore street.
The city of Cincinnati passed the necessary legislation for the improvement of McMicken avenue and Gilmore street, and did improve the same by constructing in each street a sewer. The cost of the sewer improvement in each street was *162 assessed by the front foot, and the lots of the plaintiffs abutting upon McMicken avenue were assessed for that improvement, and also similarly were the lots of the plaintiffs abutting upon Gilmore street assessed for the sewer improvement in that street.
The plaintiffs joined in an action to restrain the collection of said assessment upon the ground that their properties were provided with local drainage, no objection being made for misjoinder of parties or causes of action.
The case was submitted in the court of appeals upon an agreed statement of facts, supplemented by evidence descriptive of the premises of the plaintiffs and tending to show the use to which they were best adapted. •
The court of appeals from an examination of the evidence found that the Gilmore street sewer provided said tracts of land separately owned by plaintiffs with sufficient drainage, and sustained the assessment for the improvement on Gilmore street but enjoined the assessment for the construction of the sewer on McMicken avenue.
The two lots of John J. Doerger compose one tract, which is improved by a residence constructed thereon facing McMicken avenue, which is connected with and drains into the sewer constructed in Gilmore street. There are.no buildings on the premises of Henry Doerger, and no connection for the purpose of draining those premises has been made with the sewer in either street.
The assessment of expenses for the construction of sewers is authorized by Section 3812, General Code, but the provisions of that section must be *163 considered in connection with the provisions of Section 3819, General Code, which require that council shall limit the assessments to the special benefits conferred upon the property assessed, and that no lots or lands shall be assessed for such improvement that do not need local drainage, or which are provided therewith.
The record discloses that the street level of McMicken avenue is about 30 feet higher than that of Gilmore street. Had the Gilmore street sewer been constructed prior to that in McMicken avenue, and each of the plaintiffs constructed a drain from the residence erected upon his lot abutting on McMicken avenue and connected the same with the Gilmore street sewer, and adequate drainage afforded thereby, it must be conceded that a valid assessment could not thereafter be levied upon either of said lots for the subsequent construction of the McMicken avenue sewer. The record supports the finding of the court of appeals that the Gilmore street sewer does provide adequate facilities for drainage of the tract of land of each of the plaintiffs, and therefore that the sewer in McMicken avenue renders no service and is of no benefit to said premises.
Upon the undisputed facts in this case the judgment of the court of appeals is affirmed.

Judgment affirmed.

Nichols, C. J., Newman, Matthias, Johnson and Donahue, JJ., concur.